UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RITA C. WORCH and JOSEPH A. WORCH, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:05CV1884 HEA ) |
| WOLPOFF & ABRAMSON, LLP and KEVIN S. GRILLION, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Kevin Grillion's Motion to Dismiss [#20]. Plaintiffs have responded to the motion. For the reasons set forth below, Defendant's motion is denied.

## **Facts and Background**[1]

Plaintiffs bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.,* for Defendants' alleged abusive, deceptive, and unfair practices in the collection of a debt owed by Plaintiff Rita Worch. Plaintiffs also bring a claim against Defendants for slander.

In November, 2004, Plaintiffs claim a person identifying himself as a collector

---

[1] The recitation of facts is taken from the parties' pleadings and is set forth for the purposes of this Order only. The recitation in no way relieves the parties of any proof thereof in future proceedings.

for MBNA telephoned their home and demanded immediate payment on a debt owed by Plaintiff Rita Worch. Mrs. Worch explained to the collector that her husband had been laid off from his job and that she was receiving social security disability payments due to her very poor health, so they would not be able to pay the debt at that time. The debt collector allegedly responded, "You own a car, don't you? We can take that car," and "You own a house, don't you? We can take that house." Plaintiffs were frightened by the threat that their possessions could be taken from them for a credit card debt.

Within a few days, Mrs. Worch received written communication from Defendant Wolpoff regarding her right to dispute the debt and obtain verification of the debt's validity. Mrs. Worch alleges she wrote Defendant that she disputed the debt and asked for verification. Defendant Wolpoff did not send verification, rather, it sent statements reiterating that a debt was owed.

In July, 2005, at approximately 10:00 a.m., Defendant Grillion came to Plaintiffs' residence, pounded on the door, and repeatedly rang the doorbell. Plaintiffs claim Grillion's manner was very aggressive, and that he conveyed a sense of urgency in his attempt to get Plaintiffs to open the door. Plaintiffs contend they were still sleeping because of a restless night dealing with Mrs. Worch's pain from cancer. Mrs. Worch was still groggy from the medication she had taken earlier, so Plaintiff Joseph Worch answered the door. Defendant Grillion allegedly crowded the doorway and

demanded to see Mrs. Worch. Grillion refused to identify himself or state why he was there. Plaintiffs claim Grillion repeatedly demanded to know the Worch's phone number before handing Mr. Worch an arbitration claim filed by Defendant Wolpoff. Plaintiffs allege in their Complaint that they were frightened and upset by Defendant Grillion's intimidating antics.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Grillion now moves to dismiss the claims against him for failure to state a claim upon which relief can be granted. Grillion claims he is not a debt collector as defined by the Fair Debt Collection Practices Act and, thus, is exempt from any liability under the Act.

## Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)*; Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997). But a

motion to dismiss should not be granted merely because a complaint does not state with precision every element of the offense necessary for recovery. *Roberts v. Walmart Stores, Inc.,* 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley,* 355 U.S. at 45-46.

## **Discussion**

Defendant Grillion argues Plaintiffs have failed to state a claim against him, because he is not a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* Under the Act, a "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). See also, *Kempf v. Famous Barr Co.,* 676 F. Supp. 937 (E.D. Mo. 1988) and *Griffin v. Bailey & Associates, Inc.,* 855 F. Supp. 1047 (E.D. Mo. 1994). The term "debt collector" *does not* include:

> any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

15 U.S.C. § 1692a(6)(D). See also, *Heintz v. Jenkins,* 514 U.S. 291 (1995).

Defendant Grillion contends the plain language of the Act exempts servers of legal process from liability, and since Grillion was serving legal process upon Mrs. Worch, he is not a debt collector as defined by the Act. Plaintiffs argue that Defendant Grillion is liable for his actions pursuant to the Act, because he did not serve "legal process" connected with the "judicial" enforcement of a debt and does not fall under the exemption in the Act.

Both Plaintiffs and Defendant cite to *Romea v. Heilberger & Assoc.,* 163 F.3d 111 (2nd Cir. 1998) for authority on this issue, yet it would appear Plaintiffs' position is better supported by the case. In *Romea,* New York law required that a special notice be served upon a tenant before a landlord could file a cause of action for eviction. The Second Circuit declined to extend the exemption contained in 15 U.S.C. § 1692a(6)(D) to those who serve notices which are not legal process. *Id.* at 117. The court noted that even though the special notice was legally required, the server of the notice was not exempt from liability under the Act, because "[t]he language of § 1692a(6)(D) extends the exemption to a person only 'while serving or attempting to serve legal process.'" *Id.* (citing S. Rep. No. 95-382, at 3-4 (1977)). The *Romea* court held that

5

the § 1692a(6)(D) exemption does not apply to the notice given to the plaintiff because the notice was not "legal process" and because the defendant's involvement extended beyond mere service of the notice upon plaintiff. *Id.*

In this case, Defendant Grillion was not serving legal process upon Mrs. Worch, nor was judicial enforcement of a debt involved. Defendant Grillion provided the Worchs with a notice that Defendant Wolpoff would be arbitrating the disputed debt. Defendant Grillion does not attempt to argue that arbitration is a legal process or that arbitration involves judicial enforcement. Thus, taking the allegations in Plaintiffs' Complaint as true and in a light most favorable to Plaintiffs, Grillion's abusive and harassing behavior stepped beyond the bounds of his duties in serving Plaintiffs notice of the arbitration, and he took on the role of "debt collector" as defined in the Act. Therefore, Plaintiffs have sufficiently stated a claim against Defendant Grillion upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kevin S. Grillion's Motion to Dismiss [#20] is denied.

Dated this 1st day of June, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT