UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RITA C. WORCH and<br>JOSEPH A. WORCH,<br><br>PLAINTIFFS,<br><br>VS.<br><br>WOLPOFF & ABRAMSON, LLP, and<br>KEVIN S. GRILLION,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 4:05CV1884-HEA<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT KEVIN S. GRILLION'S
ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES AND
RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW defendant, Kevin S. Grillion, by and through undersigned counsel, and for his Answers to Plaintiffs' First Interrogatories and Responses to Requests for Production of Documents states as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify and describe any documents used to describe, record, or establish Your methods and techniques to be used when you serve a notice of arbitration, summons or any other document.

ANSWER: Defendant objects to this interrogatory as it is overbroad and unduly burdensome. Without waiving said objection, defendant states that defendant receives a cover sheet provided by his employer attached to the item being served. Attempts are recorded and information regarding the service is documented and turned into the office when the service is complete or time has elapsed.


EXHIBIT B

**INTERROGATORY NO. 2:** Identify/describe each and every contact or attempt to contact plaintiffs at any time. By way of example, but not limitation:

    (a) state the nature (telephone or in person), date and time of each contact or attempted contact;
    (b) state what was said, in detail, by and between You and the Plaintiff(s); and
    (c) state the purpose of said contact.

**ANSWER:** **Defendant states that he never made telephone contact with the plaintiffs. Defendant appeared at plaintiffs' home on or about July 9, 2005 to serve the notice of arbitration.**

**INTERROGATORY NO. 3:** Describe how you were hired to serve notice of arbitration on the Plaintiffs, including details of your compensation.

**ANSWER:** **Defendant is under the employment of Kellerman Investigations. Kellerman Investigations was hired by ABC Legal Services (PFI "Process Forward International") in Seattle, Washington to serve the notice of arbitration on plaintiff. Defendant is paid a flat $20.00 for the service or non-service of the document. Kellerman Investigations is paid the flat amount of $45.00. Defendant's compensation comes directly out of the $45.00 paid to Kellerman Investigations.**

**INTERROGATORY NO. 4:** Identify each notice of arbitration you have served in which the claimant was Defendant Wolpoff and Abramson, LLP. Include the reference number and claim number, the names of the respondents and date of service or attempted service.

**ANSWER:** **Defendant objects to this interrogatory as it is overbroad, unduly burdensome and seeks irrelevant information not likely to lead to the discovery of admissible evidence.**

**INTERROGATORY NO. 5:** State the names, addresses, telephone numbers and places of employment of all persons who have factual knowledge regarding the facts and circumstances involving this lawsuit.

**ANSWER:** **Defendant objects as to this interrogatory as it may seek information protected by the attorney-client privilege or the insurer-insured privilege. Without waiving said objection, defendant states as follows:**

    **Angela Grillion, defendant's spouse.**

Greg Kellerman, 21 Kingsley Way, Glen Carbon, IL 62034; 618-288-6662; Kellerman Investigations, President.

Kathy Straub, Office Manager, Kellerman Investigations; 618-288-6662; Office Address: 21 Kingsley Way, Glen Carbon, IL 62034.

Bill T. Walker, Attorney - 3388 B Maryville Road, Granite City, IL 62040; Phone: 618-797-1930.

Cutron Insurance 309-664-1185

**INTERROGATORY NO. 6:** State the legal name; assumed, fictitious, business, or professional name; home address; home and cell telephone numbers; five-year work history; date of birth; and gender of all natural persons who assisted you in your efforts to serve notices of arbitrations.

ANSWER: **Defendant objects to this interrogatory as it is overbroad, unduly burdensome and seeks irrelevant information not likely to lead to the discovery of admissible information. Without waiving said objection, defendant states that no one assisted in the physical delivery of the notice of arbitration to plaintiff. Greg Kellerman and Kathy Straub likely provided administrative assistance to defendant in the service of the notice of arbitration at issue.**

**INTERROGATORY NO. 7:** Describe the instructions you received from either National Arbitration Forum or Defendant Wolpoff and Abramson regarding your service of notice of arbitration.

ANSWER: See Document No. 0001 produced by defendant in connection herewith.

## REQUESTS FOR PRODUCTION

Please produce the following:

1. All documents relating to Your activities to serve respondents with notices of arbitration.

**RESPONSE: Defendant will produce all documents in his possession responsive to this request as Document Nos. 0001 - 0004.**

2. All documents between You and Defendant Wolpoff & Abramson, LLP, regarding the Plaintiffs and collection of this alleged debt.

**RESPONSE: Defendant states that no documents responsive to this request exist.**

3. All Your income tax returns for the past two years.

**RESPONSE: Defendant will produce all documents in his possession responsive to this request as Document Nos. 0005 - 0022 and 0027 - 0043.**

4. All operation manuals or similar documents, etc., utilized by You.

**RESPONSE: Defendant states that no documents responsive to this request exist.**

5. The original file, and any and all documents, including, but not limited to, the original file, original file folder, all computer records, computer printouts, all memoranda, statements, letters, notations, reports, reports of telephone calls, records of all calls, ledger cards, account cards, or other written memoranda, all communications, tape recordings, electronic recordings, transcripts of all tape recordings, in Your file relating to Plaintiffs.

**RESPONSE: See Response to Request No. 1 above.**

6. Any and all manuals, all written procedural instructions and regulations regarding your service activities, all documents, records, books and manuals pertaining to service procedures and practices utilized by You.

**RESPONSE: Defendant states that no documents responsive to this request exist.**

7. Copies of any and all policies, handbooks or manuals used by Defendant Wolpoff and Abramson, LLP or National Arbitration Forum to instruct you in the service of their documents.

**RESPONSE: Defendant states that no documents responsive to this request exist.**

8. Copies of the entire and complete investigation you made as to Plaintiffs.

**RESPONSE: Defendant states that no documents responsive to this request exist.**

9. Copies of each and every note, be it computer-generated, handwritten, orally recorded, or part of a computer screen, noting each and every communication which in anyway references notes or documents regarding the Plaintiffs or the account made the basis of this lawsuit.

**RESPONSE:** See Response to Request No. 1 above.

10. Copies of any and all reports or communications made by You or to You by any other person or entity concerning the account of Plaintiffs, and/or the credit history or payment history of Plaintiffs.

**RESPONSE:** See Response to Request No. 1 above.

These Requests shall be deemed continuing so as to require further and supplemental production if Defendant obtains additional documents required to be produced herein between the time of the initial production and the time of trial.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

_____
JOHN G. SCHULTZ         MO #34711
MONIKA D. JENKINS      MO #55784
8900 Ward Parkway
Kansas City, Missouri 64114
Phone (816) 421-7100; Fax (816) 421-7915
jschultz@fsmlawfirm.com
**ATTORNEYS FOR DEFENDANT
KEVIN S. GRILLION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing discovery was served via Fax (314-652-8308) and the original deposited in the U.S. Mail on July 10, 2006 to:

Debra K. Lumpkins, Esq.
**Gateway Legal Services, Inc.**
200 North Broadway, Suite 950
St. Louis, Missouri 63102
Phone: (314) 534-0404; Fax: (314) 652-8308
dlumpkins@gatewaylegal.org
**ATTORNEY FOR PLAINTIFFS**

with a copy via U.S. Mail only to:

Mayer S. Klein, Esq.
**Frankel, Rubin, Bond, Dubin,**
 **Siegel & Klein, P.C.**
231 South Bemiston Ave., Suite 1111
Clayton, MO 63105
Phone: 314-725-8000; Fax:314-726-5837
**ATTORNEY FOR DEFENDANT**
**WOLPOFF & ABRAMSON, LLP**

_____
**ATTORNEY FOR DEFENDANT**
**KEVIN S. GRILLION**

## SWORN STATEMENT

STATE OF __Illinois__ )
) ss.
COUNTY OF __Madison__ )

I, Kevin S. Grillion, being duly sworn upon my oath, state that:

I have read the foregoing Interrogatories and the answers given are true and correct to the best of my knowledge, information, and belief.

_____
Kevin S. Grillion

The foregoing answers to Plaintiffs' First Interrogatories were subscribed and sworn to before me, a Notary Public, on this 6TH day of __July__, 2006.

_____
Notary Public

"OFFICIAL SEAL"
EMILY E. EPPERSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 02-05-2009

My Commission Expires:

__2-5-2009__

Sig[1]._pg._K._Grillion