UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RITA C. WORCH and JOSEPH A. WORCH, )
                                             )
    Plaintiffs,                               )
                                             )
    vs.                                    )    Case: 4:05CV01884 HEA
                                             )
WOLPOFF & ABRAMSON, L.L.P,     )
KEVIN S. GRILLION and                 )
KELLERMAN INVESTIGATIONS    )
                                           )
    Defendants.                           )

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Wolpoff & Abramson, L.L.P.'s Motion for Summary Judgement, [Doc. # 75]. Plaintiffs oppose this motion and have filed a timely response thereto. Defendant has filed its reply and the matter is therefore fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

## **Introduction**

Plaintiffs brought this action under the provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* alleging that Defendant Wolpoff & Abramson, L.L.P. ("Wolpoff") is vicariously liable for the actions of co-Defendant Kevin Grillion ("Grillion"). Plaintiffs further allege that Grillion violated

15 U.S.C. §1692(e)(10) by falsely stating that he had to make a personal visit to Plaintiffs' house to obtain a working telephone number. Plaintiffs also contend that Defendant Wolpoff violated 15 U.S.C. § 1692(g) by failing to send Plaintiffs verification of Plaintiff Rita's debt. Plaintiffs also claim that Defendant Wolpoff violated 15. U.S.C. § 1692 f(6)(a) by making harassing phone calls and threatening to take non-judicial action to effect dispossession of property. Defendant Wolpoff argues it is entitled to summary judgment because: 1) Grillion is not a debt collector as defined by 15. U.S.C. § 1692 (a)(6)(D); 2) Wolpoff complied with the requirements of 15 U.S.C. § 1692(g) with respect to verification by sending Plaintiffs a bill statement; and 3) Plaintiffs' allegations of harassing phone calls were based only upon information and belief.

## Facts and Background

MBNA America Bank, N.A.("MBNA") retained the law firm of Wolpoff & Abramson, L.L.P. ("Wolpoff") to recover Plaintiff Rita Worch's overdue credit card debt. On November 19, 2004 Wolpoff sent her a letter stating that Wolpoff represented MBNA and explaining consumers' rights under the FDCPA. Wolpoff avers that it attempted to contact Plaintiff by telephone three times. Wolpoff avers, through the affidavit of James L. Hurst ("Hurst"), that all three calls were made by Wolpoff's automated dialer machine and that all three calls were picked up by

Plaintiffs' answering machine. However, Plaintiffs retort that on two separate occasions Wolpoff made threatening and harassing phone calls to Plaintiffs [1]. In addition, Plaintiff Rita Worch claims, in the second amended complaint, that she received written communication from Wolpoff regarding her debt and requested verification of her debt. She asserts that Wolpoff only sent bill statements instead of verifications.

Defendant Wolpoff argues that MBNA authorized Wolpoff to extend a settlement offer to Rita Worch. Wolpoff avers that it was unable to contact her and proceeded to invoke MBNA's dispute resolution provision by filing an arbitration claim with the National Arbitration Forum ('NAF"). Wolpoff avers that it attempted to serve a copy of the claim on Rita, pursuant to Rule 6 of the NAF's Code of Procedure, however this attempt was unsuccessful. Wolpoff also avers that it then forwarded the claim to Process Forwarding International ("PFI") for private process service. Wolpoff avers that PFI contracted with co-Defendant Kellerman Investigations to serve the notice of arbitration on Plaintiff. Defendant Wolpoff further avers that Kellerman Investigations employee, co-Defendant Kevin S. Grillion ("Grillion"), served the claim form on Plaintiff on July 9, 2005. In

---

[1] In Plaintiff's' opposition, they allege that Wolpoff threatened both Mrs. Worch and Mr. Worch on two separate occasions; however in their verified complaint Plaintiff's only state that Wolpoff threatened Mrs. Worch; no mention of Mr. Worch is made.

response, Plaintiffs argue that co-Defendant Grillion is an agent of Defendant Wolpoff and/or Defendant Kellerman Investigations, Ltd. Plaintiff avers that on or about July 9, 2005 Defendant Grillion came to Plaintiffs' residence and pounded on the door repeatedly and aggressively. Plaintiff Rita Worch further avers that after her husband opened the door, Grillion demanded to see Rita Worch, refused to identify himself, demanded Plaintiffs' new phone number and handed her husband an arbitration claim that was filed by Defendant Wolpoff.

## **Summary Judgment Standard**

The standard for summary judgment is well settled. In determining whether summary judgment should be granted, the Court must view the facts and reasonable inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Employers Mut. Cas. Co. V. Wendand & Utz, Ltd.*, 351 F.3d 890, 893 (8th Cir. 2003); *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. V. Citrate*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his

pleadings, but, by affidavit or other evidence, must set forth specific facts showing that a genuine issue of material fact exists. FED.R.CIV.P. 56(e); *Anderson*, 477 U.S. at 356; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putnam v. Unity Health SYS.*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## **Discussion**

The FDCPA was designed to protect consumers from the "abusive, deceptive and unfair debt collection practices" of debt collectors 15 U.S.C. § 1692, *et seq*. In the instant case, Plaintiff Rita avers that co-Defendant Grillion's conduct of serving the arbitration claim notice on Plaintiff in an aggressive manner violates 15 U.S.C. § 1692c(a)(1) because Grillion came to Plaintiffs' home. Further, Plaintiffs argue that Defendant Wolpoff is liable under the doctrine of respondeat superior for co-Defendant Grillion's conduct of serving the arbitration claim notice to Plaintiff.

In *Federal Home Loan Mortgage Corp. v. Lamar*, 2006 WL 2422903, 1 (N.D. Ohio August 22, 2006)*,* the District Court held that the FDCPA does not

apply to process severs because process servers are not debt collectors as defined by 15 U.S.C. (a)(6)(D). *Id.* at 9. The plaintiff in *Lamar* therefore was unable to hold the debt collection agency liable under the doctrine of respondeat superior, for the actions of the process server. *Id.*

Section 1692(a)(6) of title 15 defines the term debt collector as follows:

"debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--

**(A)** any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

**(B)** any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

**(C)** any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

**(D)** any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

**(E)** any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

**(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (I) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

Subsection D of the FDCPA specifically provides that process servers are not debt collectors, thus the regulations of the FDCPA do not extend to the actions of process servers. Here, there is no genuine issue of matter fact as the interrogatories of Grillion and affidavit of Ronald M. Abramson reveal that Grillion is indeed a process server and not an employee of Wolpoff. Because Grillion is a process server and not a debt collector he is not liable to Plaintiffs under the FDCPA and there is no vicarious liability under the doctrine of respondeat superior. Therefore, Defendants Motion for Summary Judgment, with respect to this issue, is granted.

Plaintiffs also claim that Defendant Wolpoff violated 15 U.S.C. § 1692(g) because Wolpoff failed to verify Plaintiff Rita's debt upon request. The Eighth Circuit has yet to define what constitutes adequate verification under the FDCPA. However, in *Clark v. Capital Credit & Collection Services Inc.*, 460 F.3d 1162

(9th Cir.2006), the court held that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Id.* at 1173 -1174. (citing *Chaudahry v. Gallerizzo, 174 F.3d 394* (4th Cir.1999). The *Clark* court noted that an itemized statement was sufficient to verify a past consumer debt. *Id.* at 1174.

Here, upon Plaintiff's request for verification, Defendant Wolpoff provided her with a bill statement. Plaintiffs also contend that Defendant Wolpoff sent statements reiterating the amount that was allegedly owed by Rita (and nothing more). Applying the standard set out by the Ninth Circuit in *Clark,* Wolpoff adequately verified the debt to Plaintiff by sending her a bill statement. Based on these facts, no reasonable jury could find that Wolpoff did not verify Plaintiff's debt in accordance with subsection g of 15 U.S.C. § 1692. Accordingly, there are no genuine issues of material facts with respect to verification as Defendant Wolpoff sent Plaintiff a bill statement upon request.

Finally, Plaintiff contends that Defendants violated 15 U.S.C. § 1692(d), (f), and (g) by making threatening and abusive telephone calls. Plaintiff has testified in her deposition that Defendant Wolpoff harassed her on two separate occasions.[2] In

---

[2] Although plaintiff has provided inconsistent information in opposition and through her verified complaint with respect to who Wolpoff allegedly threatened, an issue still exists as to whether Wolpoff made threatening phone calls.

contravention, James L. Hurst, of Wolpoff testified during his deposition that only automated machines called Plaintiffs and no human ever made contact with them. Conflicting evidence has been presented with respect to whether threatening calls were made. A genuine issue of material fact therefore exists.

In the alternative, Defendant Wolpoff asserts the bona fide error affirmative defense. Under the bona fide error defense, a debt collector will not be liable if the debt collector "shows by a preponderance of the evidence that: 1) the violation was not intentional and; 2) resulted from a bona fide error; 3) notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k, *et seq.*

Here, the affidavits of Ronald S. Canter and James L Hurst aver that Wolpoff has established procedures that are reasonably adapted to avoid any type of bona fide error [3]. However, Wolpoff has not presented competent evidence to show that no reasonable jury could find either that: 1) the violation was not intentional and; 2) that any error committed was not bona fide.

Genuine issues of material facts exist with respect to whether Defendant

---

[3] Exhibit 2–a power point presentation, used to introduce new employees to the debt collection compliance course–also demonstrates the procedures used by Wolpoff to avoid bona fide errors.

Wolpoff violated sections (d), (e), and (f) of 15 U.S.C. § 1692. Moreover, Wolpoff has not shown by a preponderance of evidence that the alleged violations were not intentional or were the result of a bona fide error. With respect to this issue the Defendant's motion for summary judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wolpoff's Motion for Summary Judgement [Doc. # 75] with respect to the issue of adequate verification is granted.

**IT IS FURTHER ORDERED** that Defendant Wolpoff's Motion for Summary Judgment [Doc. # 75] with respect to the liability of Wolpoff for the actions of Grillion under the doctrine of Respondeat Superior is granted.

**IT IS FURTHER ORDERED** that Defendant Wolpoff's Motion for Summary Judgment [Doc. # 75] with respect to whether Wolpoff violated sections (d) (e) and (f) of 15 U.S.C. § 1692 is denied.

A separate judgment will be entered upon the resolution of the issues

remaining.

Dated this 28th day of February, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE