# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RITA C. WORCH and <br> JOSEPH A. WORCH, <br><br> Plaintiffs, <br><br> v. <br><br> WOLPOFF & ABRAMSON, LLP, <br> KEVIN S. GRILLION, and <br> KELLERMAN INVESTIGATIONS, <br> LTD. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:05CV1884-HEA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Defendants' Motion for Summary Judgment, [Doc. No. 78]. The matter has been fully briefed. For the reasons set forth below, the motion is granted.

## Introduction

Plaintiff brought this action under various provisions of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §1692 *et seq*. Plaintiff claims that Defendant Kevin Grillion ("Grillion") and Defendant Kellerman Investigations, Ltd. ("Kellerman Investigations") violated the FDCPA when Grillion served an arbitration notice at Plaintiffs' home. Defendants argue they are entitled to

summary judgment because they are not "debt collectors" within the meaning of the FDCPA, or, alternatively, that their actions fall within the FDCPA's "process server" exemption. Because Plaintiffs have not presented evidence sufficient to raise a genuine issue of material fact regarding their claim that Defendants are "debt collectors" within the meaning of the Act, judgment will be entered in favor of the Defendants.

## **Summary Judgment Standard**

The standards for summary judgment are well settled. In determining whether summary judgment should be issued, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Employers Mut. Cas. Co. V. Wendand & Utz, Ltd.*, 351 F.3d 890, 893 (8th Cir. 2003); *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. V. Citrate*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings, but, by affidavit or other evidence, must set forth specific facts showing

that a genuine issue of material fact exists. FED.R.CIV.P. 56(e); *Anderson*, 477 U.S. at 356; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putnam v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## Facts and Background

The factual allegations of Plaintiffs' complaint are as follows: On or about July 9, 2005, at approximately 10 a.m., Defendant Grillion came to Plaintiffs' home. Grillion pounded on the door and repeatedly rang the doorbell. Grillion's actions caused Plaintiffs, who were sleeping at the time, to believe that an emergency had arisen. Rita Worch was especially groggy during this time because she had experienced a bad night due to her cancer. When Joseph Worch opened the door, Grillion demanded to see Rita. He refused to identify himself or why he was there. Grillion stated that he was forced to come there because they had changed their phone number. Defendant then demanded their new phone number. Still without identifying himself, Grillion handed Joseph an arbitration claim filed by the debt

collections agency Wolpoff Abramson, LLP ("Wolpoff").  Grillion then left.  Plaintiffs were extremely upset by this incident and were frightened by Grillion's intimidating manner.  Plaintiffs believe that Wolpoff directed Kellerman Investigations and Grillion to collect information from them for the benefit of Wolpoff.

Plaintiffs have supported their allegations with the following evidence: In her deposition, Plaintiff Rita Worch testified that she had become delinquent on her MBNA America bank card account. Rita testified that, after she became delinquent, she received a threatening phone call from an unknown representative of the debt collection agency Wolpoff.  She further testified that, after receiving the threatening phone call, Wolpoff sent her several letters in the mail concerning payment of the debt.  She also testified that, after receiving a certain correspondence, she disputed the amount of the debt, and asked for verification of the amount.  In response to her request, Mrs. Worch said that Wolpoff provided her with only a statement of the debt previously claimed to be owed.

Following the letters from Wolpoff, Plaintiffs testified that Defendant Grillion came to their home on the morning of July 9, 2005.  According to Plaintiffs, Grillion began to ring their doorbell rapidly and to pound loudly on the front door.  In their depositions, Plaintiffs testified that Grillion's ringing and banging lasted for ten to

fifteen minutes. Joseph testified that when he answered the door, Grillion walked into the frame of the doorway and demanded to know if the car in the driveway was Rita's car. Joseph further testified that after he asked Defendant Grillion who he was, Grillion refused to answer, and continued to demand that Plaintiffs give him information such as their telephone number, information on the ownership of the car in the driveway, and information on who resided at the Worch's house. Rita testified that, although Grillion did not directly mention the debt owed by Rita, he handed Joseph a notice of arbitration and said "Rita needs to take care of this." Grillion then left the premises. Plaintiffs claim that Grillion, and Defendant Kellerman Investigations, Ltd. ("Kellerman Investigations"), as Gillion's employer, violated the FDCPA and that Defendants are "debt collectors" as defined by the FDCPA.

Defendants have submitted affidavits in support of their motion. Greg Kellerman ("Kellerman"), the president of Kellerman Investigations submitted an affidavit averring that Kellerman Investigations has never performed any debt collections. According to the affidavit, Kellerman Investigations received the request for service of the notice of arbitration due to its relationship with ABC/Process Forwarding International. Kellerman further avers that Kellerman Investigations has never done any business with, and is not associated with,

Wolpoff; that Kellerman Investigations' principal business is that of serving process; and that Kellerman Investigations' business activities are comprised of 97% serving process; 1.5% surveillance, and 1.5% background checks. Kellerman avers that he is the only employee of Kellerman Investigations to perform investigations and surveillance, and that Kellerman Investigations has never assigned Defendant Grillion a task involving the collection of debt.

Defendant Grillion has also submitted an affidavit in which he avers that he does not collect debts on behalf of Kellerman Investigations. He further avers that he has never had any personal contact with Wolpoff; that he did not have any personal knowledge of the debt owed by Mrs. Worch to MBNA; and that he did not review the National Arbitration Claim at any time before serving it on the Worchs. Finally, Grillion avers that he did not make any threatening phone calls to the Worch's home; that he did not threaten to take any action on their property in person; and that he did not mention the debt when he served process at Plaintiffs' home.

Defendants argue that there are no genuine issues of fact, and that they are entitled, as a matter of law, to a finding that they are not debt collectors within the meaning of the FDCPA, or, alternatively, that they fall within the process server exemption to the provisions of the FDCPA. The court agrees with Defendants.

## Discussion

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). Plaintiffs, in their response to Defendants' Motion for Summary Judgment, concede that only debt collectors are subject to the FDCPA. The FDCPA only applies to "debt collectors" within the meaning of the act. *Id.* at §1692b-k. Section 1692a(6) defines the term debt collector as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. . .

*Id.* Defendants have presented evidence establishing that neither Kellerman Investigations nor Grillion engage in debt collections practices.

As to the issue of Defendant Kellerman investigations' principal business purpose, Defendant Kellerman Investigations has produced an affidavit from its president, Greg Kellerman, stating that its principle business is that of serving process. Specifically, the business is composed of 97% serving process, 1.5% background checks, and 1.5% surveillance. Kellerman stated that he is the only employee of Kellerman Investigations to perform background checks and surveillance. Additionally, Defendant Grillion has submitted an affidavit stating that

he has never collected any debts on behalf of Kellerman Investigations, and that the business is not involved in debt collection. Conversely, Plaintiffs have introduced no evidence as to the principle purpose of Kellerman Investigations.  There being no evidence to the contrary, the court holds that Kellerman Investigations' principle business purpose is not the collection of debts.

Therefore, to survive Defendants' motion for summary judgment, Plaintiffs must produce evidence sufficiently probative of the fact that Defendants' principal purpose is the collection of debts, or that defendants regularly attempts to collect debts.  Plaintiffs' main contention appears to be that Defendant Grillion's actions constituted an indirect attempt at collecting the debt owed by Rita, and that Defendants regularly collect or attempt to collect debts.  Plaintiffs allege that Defendant Grillion's actions in asking for information regarding the ownership of the vehicle in the Worchs' driveway, his inquiries into the identities of the residents of the Worchs' home, and his insistence on obtaining a phone number from the Worchs constituted indirect attempts to collect a debt.  Plaintiffs claim that this information is not needed to simply serve process.  Additionally, Plaintiffs claim that Defendant Kellerman Investigations regularly attempts to collect debts.  Plaintiffs point to Kellerman Investigations' standard service of process worksheet for support of this contention.  Kellerman Investigations' worksheet contains a standard request

for a phone number, a comments section, and a space for the recipient of the process to sign. Plaintiffs claim that neither the law nor the Process Forwarding International requires this information to serve process, that the information is not needed to serve process, and that its purposes are to "intimidate" and to serve as an indirect attempt collect debts. Plaintiffs' claims are without merit.

To be subject to the FDCPA, Defendants must "*regularly* collect[] or attempt[] to collect, directly or indirectly, debts owed. . ." 15 U.S.C. §1692a(6) (emphasis added). Defendants have both submitted affidavits averring that Kellerman Investigations does not engage in the business of debt collection. Plaintiffs' contention that Kellerman Investigations' worksheet contains more information than necessary does not create a genuine issue of material fact. Plaintiffs have failed to establish how it follows that the fact that the Kellerman Investigations' worksheet requires more information than needed to serve process or to meet PFI's requirements, namely a telephone number and a signature from the recipient, is evidence of Kellerman Investigations having made regular attempts to collect debts. This information is merely information for Defendants' records. Plaintiffs have made no showing that Defendants shared or intended to share the Plaintiffs' information with any other party, or that Defendants used different worksheets when serving process to debtors and when serving process to non-

debtors.  Either of these non-existent facts may have been probative of regular debt collection activities.  Plaintiffs do not even introduce evidence as to the volume of debt-related services of process. There is nothing in the record upon which to base a finding of regular debt collection.  Plaintiffs have produced evidence of nothing more than that Kellerman Investigations requires that additional information be obtained in their efforts to serve process.[1]  Plaintiffs have produced no authority establishing that this Court can find that requests for information of this type are *per se* debt collection practices.

Having determined that Plaintiffs have failed to overcome the burden of producing a genuine issue of material fact regarding whether Defendant Kellerman Investigations regularly collects or attempts to collect debts, it is unnecessary for the Court to determine whether Defendant Grillion's actions constituted an indirect attempt to collect a debt owed.  The Court also declines to address whether the service of a notice of arbitration falls within the FDCPA's "process server" exemption.

## **Conclusion**

For the forgoing reasons, the Court finds that Plaintiffs have failed to produce

---

[1] In fact, Greg Kellerman, in an affidavit, testified that the assignment sheet is for internal purposes only, that it is not shared with any other individual, and that the sheet is used for quality control purposes.

admissible evidence as to Defendants being subject to the provisions of the FDCPA. Therefore, no claim against Defendants exists thereunder and Defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kellerman Investigations's and Kevin S. Grillion's Motion for Summary Judgment [Doc. No. 78], is granted.

A separate judgment will be entered upon resolution of the remaining issues in this matter.

Dated this 28th day of February, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE